It follows that the decree should be the same as in the court below, in favor of the plaintiffs.

*Decree for plaintiffs.*

FUNK and PARDEE, JJ., concur.

THE LAKE HIAWATHA PARK ASSN. *v.* THE KNOX COUNTY AGRICULTURAL SOCIETY.

(Decided November 22, 1927.)

*Mr. Wm. L. Robinson* and *Mr. Henry C. Devin,* for plaintiff.

*Mr. Jay S. McDevitt,* prosecuting attorney, and *Mr. Charles L. Bermont,* for defendant.

HOUCK, J. This cause is here on appeal from the Common Pleas Court of Knox county. It was submitted to this court on the pleadings filed in the lower court, to wit, amended petition, amended answer, and the reply. The evidence offered was the same as in the lower court, and was before us in transcript form.

This action is an equitable one, and the relief sought by the plaintiff is to set aside a 20-year lease, which was given by plaintiff to defendant, covering a certain tract of land described therein.

Counsel for plaintiff urge that under the facts the lease should be set aside and held for naught be-

cause of legal fraud, and that the consideration was so grossly inadequate as to shock the conscience of a court of equity. As we view the case, the material facts are not seriously in dispute.

How stands the claim of learned counsel for plaintiff that under the facts there are legal fraud and inadequacy of consideration?

To constitute positive or actual fraud, there must be such fraud as affects the conscience; that is, there must be an intentional deception. Constructive or legal fraud may be found from the relation of the parties to a transaction, or from circumstances and surroundings under which it takes place. The conscience is not necessarily affected by it, and it may exist without any fraudulent intent.

Legal fraud may be present and exist where the parties to a contract have some special interest in each other, or where a confidential relationship exists, thereby giving an opportunity for one to take undue advantage of the other.

Our courts in this and other jurisdictions have laid down the following rule as to legal fraud:

(a) "Legal fraud" is synonymous with "constructive fraud," and is such as is implied by law from the nature of the transaction itself. The question of the existence or non-existence of an actual purpose to defraud does not enter as an essential factor in determining the question, but the law regards the transaction as fraudulent *per se.*

(b) The phrase "legal fraud" has sometimes been interpreted as meaning fraud by construction, and as indicating that something less than actual fraud may sustain an action for deceit; but to sustain an action for deceit intentional fraud must be

shown, as fraud without damage or damage without fraud gives no cause of action, but, when these two concur, an action lies.

(c) Misrepresentation of a material fact made willfully to deceive, or recklessly without knowledge, and acted upon by the opposite party, or if made by mistake and innocently, and acted upon by the opposite party, constitutes ''legal fraud.''

As to actual fraud, the rule in Ohio seems to be well settled that, when alleged as a ground of action, it will not be presumed. It must be proved, and the burden of establishing its existence is upon the one making the claim; and the proof must be of such facts, circumstances, and surroundings as will make it manifest. In civil cases it may be shown by a preponderance of the evidence.

Yet actual fraud—fraud in fact—must be established by such facts and circumstances as will make out a subsisting fraud, substantially as charged, and cannot be established by presumption alone.

Some stress is placed by counsel for plaintiff upon the fact that the lease, now in suit, was authorized and directed to be made at a meeting of the board of directors of plaintiff's organization, at which time five of the members of said board were present, two of whom were members of defendant's board of directors. In the absence of proof of fraud or bad faith, this would not invalidate the lease.

The Supreme Court of Ohio, in the case of *U. S. Rolling Stock Co.* v. *A. & G. W. Rd. Co.,* 34 Ohio St., 450, 32 Am. Rep., 380, held, in the third paragraph of the syllabus, as follows:

''A contract made between two corporations through their respective boards of directors, is not

voidable at the election of one of the parties thereto, from the mere circumstance that a minority of its board of directors, are also directors of the other company.''

The court in the opinion of the above case says, at page 466:

''There is no just reason, where a quorum of directors, sustaining no relation of trust or duty to the other corporation, are present, participating in the action of the board, why such action should not be binding upon the company, in the absence of such fraud as would lead a court of equity to undo or set aside the transaction.''

The same reasoning was followed in the more recent case of *Kirn* v. *Kraus Plumbing & Heating Co.*, 12 Ohio App., 55. We quote from the syllabus of that case as follows:

''In the absence of statutory provision prohibiting the directors of a corporation from voting upon or executing contracts in which they are personally interested, such contracts are not void unless they constitute a breach of the faith reposed in the directors by the stockholders.''

We think the rule in such cases may be stated as follows: Where two corporations have directors and officers in common, if the directors wrongfully and willfully use their powers to the prejudice of one of the corporations, their action, if not acquiesced in, and if contested at the proper time, can be avoided, as in any other case of actual fraud. However, there is no presumption that the directors have dealt unfairly or with any intent to wrong or defraud either corporation.

As to the adequacy or inadequacy of the consideration for the lease: The lease contains following:

"Paying therefor (to lessee) during the term aforesaid, the yearly rental of one ($1.00) dollar and other good and valuable considerations, payable on the 4th day of June, in advance, in each year."

"That said lessee shall at its own expense make any and all improvements, construct or repair any and all buildings used for fair purposes."

It is a conceded fact that the defendant has expended on the leased premises, in the way of improvements, the sum of $1,100, as well as paying the yearly rental.

### ADEQUACY OF CONSIDERATION

"That the adequacy of the consideration is immaterial has been undoubted law ever since the notion of consideration began to be developed. The reason is that the parties are deemed to be the best judges of the bargains entered into. As Hobbes says, the value of all things contracted for is measured by the appetite of the contractors. Accordingly, the courts do not ordinarily go into the question of equality or inequality of considerations, but act upon the presumption that parties capable to contract are capable of regulating the terms of their contracts, granting relief only when the inequality is shown to have arisen from mistake, misrepresentation, or fraud. A different rule would, in every case, impose upon the court the necessity of inquiring into and of determining the value of the property received by the party giving the promise. Such a course is deemed to be impracticable." 6 Ruling Case Law, 678, Section 85.

"The rule is stated to be that where the consider-

ation is so grossly inadequate as to shock the conscience, courts will interfere, although there has been some exercise of judgment by the parties fixing it. But an examination of the cases shows that this has scarcely ever been done, the parties being competent, unless the inadequacy was coupled with circumstances of fraud or oppression, or of advantage taken of some relation of trust or dependence." 6 Ruling Case Law, 679, Section 86.

"While the courts refuse to give effect to a contract unsupported by a consideration, and insist that the consideration be something of value in the eyes of the law, yet it need not be adequate. Courts do not inquire into the proportionate value of the thing received; that is for the parties to settle. If the parties get that which they bargained for and were not acting under mistake, fraud or the like, the courts do not concern themselves with the relative values exchanged or the wisdom of the contract." 1 Elliott on Contracts, Section 209.

"While it is necessary that the consideration of a promise should be of some value, it is sufficient if it be such as *could be* valuable to the party promising; and the law will not enter into an inquiry as to the adequacy of the consideration, but will leave the parties to be the sole judges of the benefits to be derived from their contracts, unless the inadequacy of consideration is so gross as of itself to prove fraud or imposition." *Judy* v. *Louderman,* 48 Ohio St., 562, 29 N. E., 181.

In our reading of the transcript evidence we gave especial attention to that part concerning the passage of the resolution authorizing the making of

the questioned lease; also that concerning its execution and delivery.

We have read with interest the resolution and lease, and they appear to be regular and legal upon their face, and to have been duly and legally authorized.

We have read and searched the evidence as presented, and have examined all of the exhibits in the case with care. We have looked at the facts and analyzed the law from all of the angles presented by counsel for plaintiff in their oral arguments and written brief, and yet we are unable to find, under the facts and the law as herein laid down, any legal or equitable reason for granting the relief prayed for in the petition of plaintiff.

We are of the unanimous opinion that there is a failure of proof on the part of plaintiff to sustain the material allegations of its petition, which leaves but one course for this court to pursue, and that is to enter a judgment for the defendant, which is now done.

*Judgment for defendant; petition dismissed.*

SHIELDS and LEMERT, JJ., concur.